UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BOVIET SOLAR TECHNOLOGY CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 25-00162 |

## COMPLAINT

On behalf of Boviet Solar Technology Co., Ltd., ("Boviet" or "Plaintiff"), we hereby bring this civil action and allege the following:

### Parties

1. Plaintiff is a Vietnamese producer and exporter of Crystalline Silicon Photovoltaic Cells ("Solar Cells") subject to the antidumping Order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the Socialist Republic of Vietnam.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

### Jurisdiction

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i) to contest the final determination by the Department under 19 U.S.C. §1673d, in the antidumping duty investigation of Solar Cells from Vietnam. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Amended Final Antidumping Duty Determination; Crystalline Silicon Photovoltaic Cells, Whether or Not*

*Assembled Into Modules From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 90 Fed. Reg. 26,786 (June 24, 2025) ("Order"); *see also Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 90 Fed. Reg. 17,388 (Apr. 25, 2025) ("Final Determination").

4. Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## Standing

5. Plaintiff is a foreign exporter of the solar cells from Vietnam. Accordingly, plaintiff qualifies as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

6. In addition, because the Department made a Final Determination that was not lawful, or, otherwise overstated Plaintiff's antidumping duty margin, Plaintiff has been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

7. Notice of the antidumping duty order was published in the *Federal Register* on June 24, 2025. Plaintiff filed a summons instituting this action on July 24, 2025, within thirty days after publication of the aforementioned antidumping duty order, serving notice of the action upon all other participants in the investigation on the same date. Furthermore, Plaintiff is filing this complaint on the next business day within thirty days after filing the aforementioned

summons. Therefore, Plaintiff has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 and Rule 6 of the Rules of this Court.

## Facts

8. On May 14, 2024, the Department initiated an antidumping duty investigation on Solar Cells from Vietnam. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 89 Fed. Reg. 43,809 (May 20, 2024).

9. On June 13, 2024, Boviet requested to be a voluntary respondent.

10. On July 3, 2024, the Department selected Jinko Solar (Vietnam) Industries Company Limited ("Jinko")and JA Solar Vietnam Company Limited ("JAVN") as mandatory respondents, *i.e.*, Vietnamese exporters whose individual data would be reviewed as a sample for all other cooperating exporters. *See* Respondent Selection Memo (July 3, 2024). The Department declined to select a voluntary respondent explaining that it only has "the resources to examine individually two mandatory respondents." *Id*. at 5.

11. Boviet timely responded to all questionnaire responses required to be selected as a voluntary respondent. Boviet also filed surrogate value filings, ensuring that the record contains all information to calculate an individual margin for Boviet.

12. Because this was a nonmarket economy order, the Department generally does not use respondents' actual cost records to value its inputs, home market sales, and financial statements for the purposes of calculating the normal value (a special form of constructed value particular to nonmarket economy investigations). Rather, the Department selects surrogate values from a surrogate country.

13. On December 4, 2024, the Department published its affirmative preliminary determination. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part, and Postponement of Final Determination and Extension of Provisional Measures*, 89 Fed. Reg. 96,219 (December 4, 2024). After adjusting for ministerial errors, the Department calculated a margin of 71.85 percent for Jinko and 53.30 percent for JAVN.

14. The Department continued not to select Boviet as a voluntary respondent, and assigned Boviet the separate rate applicant ("SRA") rate based on the average of the two mandatory respondents. The preliminary SRA rate was 60.02 percent.

15. In the Preliminary Results, the Department selected Indonesia as the primary surrogate country. Prelim. IDM at 26. However, the Department removed glass imports from Malaysia into Indonesia, claiming the record supported a finding that there was reason to believe or suspect the imports were subsidized and thus it is Commerce's practice to remove them. Prelim. SV Memo at 7. This adjustment to the glass surrogate value constituted the majority of the calculated margin—in other words, if the Department did not remove Malaysian imports the mandatory respondents margins would be *de minimis* or close to *de minimis*.

16. Boviet timely filed a case brief, arguing that the Department must make several adjustments to its Preliminary Determination. Boviet Case Brief (March 7, 2025). Boviet argued that the Department's exclusion of Malaysian glass imports into Indonesia is contrary to "reason to believe or suspect" standard and the Department's established practice. Further, removing the Malaysian glass imports results in an unreliable, noncommercial glass price. Boviet also argued that the Department should have selected Boviet as a voluntary respondent,

explaining that it was not overly burdensome to have reviewed Boviet such that the Department's explanation was not supported by substantial evidence.

17. On April 25, 2025, the Department published its Final Determination. The Department calculated a final margin of 62.31 percent for JAVN, 126.18 percent for Jinko, and 85.45 for the SRA companies, including Boviet. The Department continued to exclude the Malaysian glass imports into Indonesia. The Department made other surrogate value and calculation changes from the Preliminary Determination as well.

18. This appeal ensued.

## Count I

19. Plaintiff hereby incorporates, by reference, paragraphs 1 through 18 above.

20. The Department did not select the "best available information" for the glass surrogate value, contrary to 19 U.S.C. §1677b(c)(1). The Department's surrogate value choice and removal of Malaysian imports was unsupported by substantial evidence. 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence). Further, the decision was arbitrary and capricious given the Department's longstanding practice under the "reason to believe or suspect" standard and preference for specific data and PVInsights. 19 U.S.C. § 1516a(b)(1)(B)(ii); *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001) (It is well-established that "[a]n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently.").

## Count II

21. Plaintiff hereby incorporates, by reference, paragraphs 1 through 20 above.

22. The Department's determination not to select Boviet as a voluntary respondent was unsupported by substantial evidence and not in accordance with the law. 19 U.S.C. §

1516a(b)(1)(B)(i).

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1)     Declaring the Department's surrogate value selection for glass was unsupported by substantial evidence, contrary to law, and arbitrary and capricious;

(2)     Declaring the Department's determination not to select Boviet as a voluntary respondent was unsupported by substantial evidence and not in accordance with the law;

(3)     Granting Plaintiff such other relief as the Court may deem appropriate.

                                        Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang[**]
**THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
Suite 1101
1156 Fifteenth St., N.W.
Washington, DC 20005
Tel: (202) 868-0300
email:  gmenegaz@igtlaw.com

/s/ David M. Morrell
David M. Morrell
Shelbie M. Rose
**Jones Day**
51 Louisiana Ave. NW
Washington, DC 20001
Tel: (202) 879-3636

Dated:  August 25, 2025

---

[**] Admitted to New Mexico Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).